IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| REBECCA B. PRADAT, | } | |
| Plaintiff, | } | |
| v. | } | CASE NO. CV 99-B-2899-S |
| CHRYSLER CORPORATION, INC., et al., | } | |
| Defendants. | } | |

**FILED**
SEP 29 PM 1:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

**ENTERED**
OCT - 2 2000

## MEMORANDUM OPINION

This case is before the court on the Motion to Remand filed by plaintiff. The court has considered the Motion to Remand and the Memorandum filed in Opposition to the Motion by defendant DaimlerChrysler Corporation ("DaimlerChrysler" or "defendant"). Upon consideration of the Motion, defendant's Opposition, the record, and the relevant law, the court is of the opinion that plaintiff's Motion to Remand is due to be granted.

This action was removed to federal court by DaimlerChrysler on the ground that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Defendant argues that the resident defendant, Roebuck Chrysler, is not a proper defendant due to the arbitration provision contained in the contract entered into by plaintiff with Roebuck Chrysler. Defendant contends that the scope of the arbitration clause contained in plaintiff's contract with Roebuck Chrysler encompasses the claims alleged against Roebuck Chrysler in the Complaint. Because the claims against the resident defendant are subject to arbitration, Chrysler argues that it is the only proper defendant and, therefore, complete diversity exists between the parties.

Plaintiff argues that the question of whether arbitration may be compelled under the arbitration agreement is a matter for the state court to decide. This court agrees. Thus, plaintiff's Motion to Remand will be granted by separate Order.

**DONE** this 29th day of September, 2000.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge